## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGH OFF LIFE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FREEBANDZ PRODUCTIONS, LLC, and SONY MUSIC HOLDINGS, INC. <br><br> Defendants. | Civil Action No.:  2:20-cv-1556 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff High Off Life, LLC for its Complaint against Defendants Freebandz Productions, LLC and Sony Music Holdings, Inc. (collectively "Defendants"), states and alleges as follows:

### Introduction

1.      High Off Life, LLC ("HOL" or "Plaintiff") is a company with deep roots in the hip-hop community, particularly in Pennsylvania and the Atlanta area. HOL's founder, Zach Richards, is a native of York, Pennsylvania. In 2004 while rapping under the name "Phene" (a play on "fiend"), Richards began using the mark "High Off Life" in relation to his music business to emphasize his focus on more positive, conscious subject matter. Richards was featured on hundreds of mixtapes, won five Central Pennsylvania Hip-Hop Awards (including Best Male Artist, Lyricist of the Year, and Album of the Year), and performed alongside some of the most respected artists in the genre across the country, including six straight years performing at the A3C Festival in Atlanta, Georgia and the SXSW Festival in Austin, Texas.

2.      Beginning in 2009, HOL began manufacturing and selling HIGH OFF LIFE branded apparel, including t-shirts, sweatshirts, hats, tote bags, and other items. HOL owns the domain www.highofflife.com, where it sells its branded apparel and merchandise. Since 2009, Richards and

1

his associates have worn and advertised clothing bearing HIGH OFF LIFE marks at concerts, photoshoots, videos, and other events. The HIGH OFF LIFE brand has permeated everything Richards has been involved in for over a decade.

3.      Richards and HOL have also put on events under the HIGH OFF LIFE brand since 2009, beginning with "High Off Life Concerts" during the Tuner Evolution Car Show (one of the biggest car shows in the U.S.) and hip-hop shows at other venues. From this experience, in 2017, Richards started a creative agency under the HIGH OFF LIFE brand, investing heavily in branding and marketing—and registering several U.S. trademarks for the HIGH OFF LIFE brand. Under that brand, HOL has produced hip-hop related content, regularly shooting music videos and managing projects and advertising for hip-hop artists and brands. HOL is responsible for helping artist and labels get over 350 million video views online.

4.      In addition to creating content for others, HOL is widely known for producing a hip-hop focused commentary and freestyle rap show called "High Off Life TV," which streams on YouTube at https://www.youtube.com/user/HighOffLifeTV. High Off Life TV features a freestyle rap series called "High Off Life Freestyles," which has garnered more than three million views on YouTube and 10 million plus views on Facebook. Through many years of use, advertising, and considerable investment, HOL developed strong recognition between it and the HIGH OFF LIFE brand among consumers interested in hip-hop music and lifestyle.

5.      Defendants Freebandz Productions, LLC ("Freebandz") and Sony Music Holdings, Inc. ("Sony Music") knowingly copied HOL's marks in the release of an album by the rapper Future titled "High Off Life" on or about May 15, 2020.

6.      Until shortly before release, the "High Off Life" album was supposed to be released under the title "Life is Good".

7.      The replacement title "High Off Life" bears no significant relationship to the album's content.

8.      In addition to marketing and selling the "High Off Life" album, Freebandz began marketing and selling "High Off Life" branded apparel and merchandise bearing marks that are

2

confusingly similar to HOL's registered and common law HIGH OFF LIFE marks. Freebandz is based in Atlanta—where HOL has had a significant presence in the hip-hop scene for over a decade—and Freebandz' associates are familiar with and know of HOL and its long-time use of and association with the HIGH OFF LIFE marks.

9.      Defendants engaged in a wide-spread advertising campaign for the "High Off Life" album and "High Off Life" branded apparel and merchandise, focusing especially on the hip-hop market segment that has been central to HOL's business since 2009. As a result, HOL has suffered significant reverse confusion, with consumers now believing HOL to be associated or affiliated with Defendants. HOL has also lost its placement on search engines such as Google to links associated with Defendants' album and apparel, causing interested customers to be unable to find HOL's website to make purchases and damaging HOL's goodwill. Overnight, Defendants destroyed HOL's investment of many years and many thousands of dollars into building consumer recognition of HOL's HIGH OFF LIFE brand.

10.      Defendants' actions infringe HOL's registered trademarks for HIGH OFF LIFE marks in apparel, advertising services, and music entertainment, along with common law rights in the HIGH OFF LIFE brand.

11.      On June 12, 2020, HOL sent cease-and-desist letters to Defendants demanding that Defendants immediately cease their infringing activities. Defendants did not respond to HOL's cease-and-desist letters, and—after receiving the letters—Defendants *expanded* sales of infringing "High Off Life" branded apparel.

12.      HOL brings this action for trademark infringement and unfair competition under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"). Among other relief, HOL asks this Court to award HOL monetary damages and to treble that award, require Defendants to disgorge all profits from sales of infringing merchandise and apparel, and award HOL its attorneys' fees and costs.

J2702056.1

## The Parties

13.     Plaintiff High Off Life, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 606 Liberty Ave., 3rd Floor #107, Pittsburgh, PA 15222.

14.     Defendant Freebandz Productions, LLC is a limited liability company organized and existing under the laws of Georgia, with its principal place of business at 3588 Highway 138, Suite 274, Stockbridge, GA, 30281. On information and belief, Freebandz is owned by Future, distributes, markets, and sells the infringing apparel and merchandise, and was involved in producing the infringing "High Off Life" album.

15.     Defendant Sony Music Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at with its principal place of business at 25 Madison Avenue, New York, NY 10010. On information and belief, Sony Music— through its Epic Records label—distributes, markets, and sells the infringing album.

## Jurisdiction and Venue

16.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over HOL's related common law claim is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

17.     This Court has personal jurisdiction over Defendants because, on information and belief, (a) Defendants have marketed, distributed, offered for sale, and sold the infringing apparel and the infringing album to persons within the Commonwealth of Pennsylvania; (b) Defendants regularly transact and conduct business within the Commonwealth of Pennsylvania; and (c) Defendants have engaged in infringing conduct within Pennsylvania and have purposefully directed their activities at Pennsylvania.

18.     This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to HOL's claims occurred in this District.

### Facts Underlying the Causes of Action

### *HOL Owns Family of HIGH OFF LIFE Marks*

19.    HOL is the owner of federal trademark registration Reg. No. 5,690,553, issued by the United States Patent and Trademark Office ("PTO") on March 5, 2019, for the HIGH OFF LIFE mark in International Class 25 for "Shirts; Shirts and short-sleeved shirts; T-shirts; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Graphic T-shirts; Short-sleeve shirts; Short-sleeved or long-sleeved t-shirts; Wearable garments and clothing, namely, shirts."

20.    HOL is the owner of federal trademark registration Reg. No. 5,690,565, issued by the PTO on March 5, 2019, for the HIGH OFF LIFE mark in International Class 35 for "Advertisement for others on the Internet; Advertising on the Internet for others; Advertising services, namely, creating corporate and brand identity for others; Direct marketing advertising for others; Dissemination of advertising for others via the Internet; On-line advertising services for others; Placing advertisements for others; Preparation of custom advertisements for others; Preparing and placing advertisements for others."

21.    HOL is the owner of federal trademark registration Reg. No. 5,569,671, issued by the PTO on September 25, 2018, for the word mark HIGH OFF LIFE ENTERTAINMENT in International Class 41 for "Entertainment services in the nature of recording, production and post-production services in the field of music."

22.    As described above, HOL has been using its HIGH OFF LIFE marks in relation to clothing, hip-hop music, events promotion, and branding and advertising since at least early 2009. HOL has invested significant sums of money and time into building recognition among consumers of its HIGH OFF LIFE brands in these areas and as a result has acquired common law rights to HIGH OFF LIFE marks.

### *Defendants' Copying Destroys HOL's Business Goodwill and Recognition*

23.    Future and Freebandz are based in Atlanta, Georgia. HOL was based in and operated out of Atlanta for nearly 10 years, often at the same events and shows as Future and members of

Freebandz. Individuals that are part of Freebandz have knowledge of HOL's founder, Richards, and his long-time use of HIGH OFF LIFE marks to identify his music and business ventures.

24.     In disregard of HOL's rights—particularly in the hip-hop music entertainment and apparel markets—Sony Music, through its Epic Records label, released an album by Future titled "High Off Life" in May 2020 (the "Infringing Album").

25.     While the album was originally titled "Life is Good"—after the hit collaboration song between Future and Drake with the same name—the title was changed to "High Off Life" at the last minute due to concern about coronavirus-related negative press.

26.     The album title "High Off Life" bears no relation to the expressive content of the album and is an exact copy of HOL's registered and widely-used marks.

27.     Further, Freebandz is producing, marketing, distributing, offering for sale, and selling apparel and merchandise bearing HIGH OFF LIFE marks (the "Infringing Goods") that are confusingly similar to HOL's registered and common law marks. Freebandz is selling the Infringing Goods nationwide on its websites, https://shop.freebandz.com/collections/highofflife and https://shoplifeisahigh.com/ and through its Instagram "Freebandz Shop" at @shopfbg. Screenshots of certain Infringing Goods  as displayed on Freebandz' sites are shown below.





28.    The marks used by Freebandz and Sony Music on the Infringing Goods and Infringing Album are identical or nearly identical to HOL's registered and common law trademarks. Freebandz and Sony Music are selling their goods branded with the "High Off Life" mark in direct competition to HOL, both in the apparel and hip-hop music entertainment markets. For example, the screenshot below shows an advertisement for Freebandz' Infringing Goods that was served through Facebook to HOL's founder, Richards, while he was in Pennsylvania.



29.    Freebandz is also advertising and selling Infringing Goods through its Instagram shop. The screenshot below shows an advertisement for Freebandz' Infringing Goods that was served through Instagram to HOL's founder, Richards, while he was in Pennsylvania.

J2702056.1



30.     HOL put Defendants on notice of its trademarks in cease-and-desist letters sent to each individual defendant on June 12, 2020. Defendants ignored the letters, and Freebandz subsequently expanded sales of apparel bearing infringing "High Off Life" marks. For example, the screenshot below from Freebandz' Instagram shop shows Freebandz began selling additional Infringing Goods on September 3, 2020, several months after receiving HOL's cease-and-desist letters.



31.     Even without Plaintiff's cease-and-desist letters, Defendants did know, or must have known, about Plaintiff's registered trademarks and common law rights to HIGH OFF LIFE, but chose to ignore them.

32.     Defendants' infringing actions have left HOL no choice but to file this suit to protect its valuable intellectual property.

33.     HOL has long been involved in the Atlanta hip-hop community, and associates of Future's have deep knowledge of HOL and its founder, Richards. That makes it inconceivable neither Future nor Freebandz were aware that HOL had used its HIGH OFF LIFE marks for many years in relation to apparel and hip-hop-related services and productions.

10

34.     HOL used its HIGH OFF LIFE marks extensively and continuously before Sony Music and Freebandz began producing, marketing, and selling the Future "High Off Life" album and apparel and merchandise bearing the "High Off Life" mark.

35.     Due to HOL's exclusive and continuous use of its distinctive marks—and the substantial goodwill HOL has established with thousands of customers and millions of online viewers—the use by Freebandz and Sony Music of the "High Off Life" marks are likely to cause consumer confusion as to whether the apparel and album originate from or have some affiliation with HOL. In addition, Freebandz' and Sony Music's widespread distribution and advertising of the "High Off Life" album and apparel have created reverse confusion, causing consumers who encounter HOL's products and productions to now believe they are associated with Freebandz and Sony Music.

36.     The actions by Freebandz and Sony Music have caused irreparable harm to HOL and constitute willful trademark infringement and unfair competition in violation of Section 43 of the Lanham Act.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement)**

37.     HOL repeats and incorporates the allegations in paragraphs 1 through 36, inclusive, as if the same were more fully set forth herein at length.

38.     Defendants' use of confusingly similar imitations of HOL's HIGH OFF LIFE marks on the Infringing Goods and Infringing Album is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by HOL, or are associated or connected with HOL, or have the sponsorship, endorsement, or approval of HOL.

39.     Defendants' use of confusingly similar imitations of HOL's HIGH OFF LIFE marks on the Infringing Goods and Infringing Album in conjunction with Defendants' massive advertising campaign is likely to cause and has caused reverse confusion, deception, and mistake by creating the false and misleading impression that HOL's goods are manufactured or distributed by Defendants or are associated, sponsored by, or connected with Defendants.

11

J2702056.1

40.     Defendants' Infringing Goods and Infringing Album bear marks that are confusingly similar to HOL's federally registered marks, Reg. No. 5,690,553, Reg. No. 5,690,553, and Reg. No. 5,569,671 (the "HIGH OFF LIFE Registered Marks"), in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to HOL's goodwill and reputation, for which HOL has no adequate remedy at law.

41.     Defendants' actions demonstrate they willfully adopted the "High Off Life" marks on the Infringing Goods and Infringing Album while knowing of HOL's HIGH OFF LIFE Registered Marks and the long-term use and significant goodwill HOL had built in those marks.

42.     Defendants caused and are likely to continue causing substantial injury to the public and to HOL, and HOL is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in its favor and against the Defendants as more fully set forth herein.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition)

43.     HOL repeats and incorporates the allegations in paragraphs 1 through 42, inclusive, as if the same were more fully set forth herein at length.

44.     Defendants' use of a confusingly similar imitations of HOL's HIGH OFF LIFE marks on the Infringing Goods and Infringing Album has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that: (a) Defendants' goods are manufactured or distributed by HOL, or are affiliated, connected, or associated with HOL, or have the sponsorship, endorsement, or approval of HOL; and/or (b) HOL's goods are manufactured or distributed by Defendants or are affiliated, connected, or associated with Defendants.

45.     Defendants have made false representations, false descriptions, and false designations of, on, or in connection with their goods in violation of 15 U.S.C. § 1125(a). Defendants' activities

12

have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to HOL's goodwill and reputation as symbolized by HOL's HIGH OFF LIFE marks, for which HOL has no adequate remedy at law.

46.     Defendants' actions demonstrate an intentional and willful intent to trade on the goodwill associated with HOL's HIGH OFF LIFE marks to the great and irreparable injury of HOL.

47.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to HOL. HOL is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in its favor and against the Defendants as more fully set forth herein.

<u>**THIRD CLAIM FOR RELIEF**</u>

**(Common Law Trademark Infringement and Unfair Competition)**

48.     HOL repeats and incorporates the allegations in paragraphs 1 through 48, inclusive, as if the same were more fully set forth herein at length.

49.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of HOL. HOL has no adequate remedy at law for this injury.

50.     On information and belief, Defendants acted with full knowledge of HOL's use of, and statutory and common law rights to, HOL's HIGH OFF LIFE marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

51.     Defendants' actions demonstrate an intentional and willful intent to trade on the goodwill associated with HOL's HIGH OFF LIFE marks to the great and irreparable injury of HOL.

52.     As a result of Defendants' acts, HOL has been damaged in an amount not yet determined or ascertainable. At a minimum, however, HOL is entitled to injunctive relief and an accounting of Defendants' profits, damages, and costs.

J2702056.1

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in its favor and against the Defendants as more fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, HOL prays that:

1.      Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

      a.   advertising, marketing, promoting, offering for sale, distributing, or selling the Infringing Goods and the Infringing Album;

      b.   using the infringing HIGH OFF LIFE marks on or in connection with any of Defendants' goods;

      c.   using the HIGH OFF LIFE marks or any other copy, reproduction, colorable imitation, or simulation of HOL's HIGH OFF LIFE marks on or in connection with Defendants' goods;

      d.   using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of HOL's trademarks, names, or logos;

      e.   using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by HOL, or are sponsored or authorized by HOL, or are in any way connected or related to HOL;

      f.   using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that the goods or services produced or provided by HOL in any way connected or related to Defendants;

14

    g.   passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of HOL, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

    h.   advertising, promoting, offering for sale, or selling the Infringing Goods or other similar goods bearing infringing marks.

2.    Defendants be compelled to account to HOL for any and all profits derived by Defendants from the sale or distribution of the Infringing Goods and Infringing Album.

3.    HOL be awarded all damages caused by the acts forming the basis of this Complaint.

4.    Based on Defendants' knowing and intentional use of a confusingly similar imitation of HOL's HIGH OFF LIFE marks, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a).

5.    Defendants be required to pay to HOL the costs and reasonable attorneys' fees incurred by HOL in this action pursuant to any applicable statutes or case law, including 15 U.S.C. § 1117(a).

6.    HOL be awarded prejudgment and post-judgment interest on all monetary awards.

7.    HOL be granted such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

HOL respectfully demands a trial by jury on all claims and issues so triable.

Dated: October 15, 2020

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: */s/ Ray F. Middleman*
    Ray F. Middleman (Pa. ID 40999)
    Shane Valenzi (Pa. ID 322025)

    600 Grant Street, 44th Floor
    Pittsburgh, PA  15219
    Phone: (412) 566-6000
    Facsimile: (412) 566-6099
    *rmiddleman@eckertseamans.com*
    *svalenzi@eckertseamans.com*

    and

*(Pro Hac Vice to be Filed)*
Stephen C. McArthur
Thomas E. Dietrich
THE MCARTHUR LAW FIRM
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
(323) 639-4455
*stephen@smcarthurlaw.com*
*tom@smcarthurlaw.com*


*Attorneys for Plaintiff High Off Life, LLC*

16