UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGH OFF LIFE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>FREEBANDZ PRODUCTIONS, LLC, and SONY MUSIC HOLDINGS, INC,<br><br>        Defendants. | Civil Action No. 2:20-cv-1556-WSH<br><br>Hon. W. Scott Hardy<br><br><br>***Electronically Filed*** |

**STIPULATION REGARDING PROTECTIVE ORDER**

      Plaintiff High Off Life, LLC and Defendants Freebandz Production, LLC and Sony Music Entertainment (collectively, the "parties") hereby request that the Court enter the [Proposed] Protective Order filed herewith to provide confidentiality protections for discovery produced in this case.

      WHEREAS, the parties have agreed that discovery produced in this case may contain confidential business or personal information.

      WHEREAS, the parties have agreed to request that the Court enter the [Proposed] Protective Order filed herewith to protect the confidentiality of non-public, confidential information that is produced in discovery.

      IT IS HEREBY STIPULATED by the parties herein, through their counsel of record, that the parties agree to the Court entering the [Proposed] Protective Order filed herewith, and that such provisions shall be applicable immediately upon entry by the Court.

1

Dated: August 12, 2022            Respectfully submitted,

                                                                  THE MCARTHUR LAW FIRM, PC

                                                                   By: */s/ Thomas Dietrich*
                                                                         THOMAS E. DIETRICH
                                                                         Attorneys for Plaintiff High Off Life, LLC

Dated: August 12, 2022            Respectfully submitted,

                                                                  PRYOR CASHMAN LLP

                                                                   By: _____
                                                                         DAVID C. ROSE
                                                                         Attorneys for Defendants Sony Music
                                                                         Entertainment and Freebandz Productions,
                                                                         LLC

## Certificate of Service

I hereby certify that on August 12, 2022, I electronically filed the foregoing **STIPULATION REGARDING PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

                                        THE MCARTHUR LAW FIRM, PC

                                        By: /s/ *Thomas Dietrich*
                                                   Thomas Dietrich

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGH OFF LIFE, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>FREEBANDZ PRODUCTIONS, LLC, and SONY MUSIC HOLDINGS, INC,<br><br>        Defendants. | Civil Action No. 2:20-cv-1556-WSH<br><br>Hon. W. Scott Hardy<br><br>*Electronically Filed* |

### [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

The Court enters the following protective order:

1. In connection with discovery proceedings in this action, the parties and non-parties producing discovery may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order").

2. "Confidential Material" includes non-public business, commercial, proprietary, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing party, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests. Without limiting the generality of the foregoing, Confidential Material means certain documents, testimony and other materials, and all information contained therein, that: (a) are not generally known to others and have competitive value, such that unrestricted disclosure to others would create a substantial risk of injury; (b) constitute

1

proprietary financial, marketing/sales, technological or otherwise commercially sensitive competitive information that the producing party maintains as confidential in its business; (c) are of a personal and sensitive nature whether financial or otherwise; (d) pertain to financial or other personal information relating to a party's employees; (e) contain personal information relating to any individual party's minor children or family; (f) are subject to binding confidentiality restrictions in connection with another case or matter; (g) a party designates as "Highly Confidential – Attorneys' Eyes Only" (as defined in Paragraph 8 below); or (h) the parties otherwise agree can be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."[1]

3. Confidential Material shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable. Stamping the legend "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition, or within 30 days of receipt of the transcript if not so designated during the deposition. All testimony shall be treated as Confidential until designated as Confidential or the foregoing 30-day period has expired. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

5. Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential

---

[1] The terms "Confidential" and "Confidential Material" as used in this Order shall apply to information that is designated "Confidential" and that is designated "Highly Confidential – Attorneys' Eyes Only," as applicable.

Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Subject to limitations pertaining to information designated Highly Confidential – Attorneys' Eyes Only, Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including in-house counsel, and the paralegal, clerical, and secretarial staff employed by counsel for any party, who have been advised of their obligations hereunder), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action; provided, however, that such persons shall not be a competitor or an employee, contractor, or consultant of a competitor of the other party to this action; and further provided, however, that in no event shall Confidential Material be shared with any attorney (including without limitation any attorney serving as a putative consulting expert) who is neither in-house nor outside counsel of record for a party to this action; a "competitor" is a person or entity (other than the parties to this action and their affiliates) endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as persons or entities who are actually engaged in any such activities;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action, if it

3

appears that the witness authored or received a copy of the Confidential Material, or was involved in the subject matter described therein, or is employed by the party who produced the Confidential Material, or if the producing party consents to such disclosure; and

(e)     any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7.     Only counsel for a party to this action (including in-house counsel) and qualified persons may attend depositions at which Confidential Material is used, anticipated to be disclosed, or discussed.

8.     The parties and non-parties producing discovery may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 3 and 4 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel, who have been advised of their obligations hereunder), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply. For purposes of this paragraph, a party's in-house counsel and the support personnel working for such in-house counsel do not constitute a party. Disclosure to a party's in-house counsel shall be limited to those counsel providing legal advice in connection with this matter and any related matters that

may arise in the future, and Attorney's Eyes Only Material disclosed to in-house counsel and not previously known to such in-house counsel may not be used for any business or other purpose unrelated to the prosecution or defense of this litigation. Attorney's Eyes Only Material may not be disclosed to any other officers, directors, employees, or agents of a party, including other in-house counsel not connected to this matter, unless otherwise agreed or ordered. Nothing in this paragraph shall preclude counsel from giving advice to his or her client in this litigation that includes a general evaluation of Attorney's Eyes Only Material, provided that counsel shall not disclose the contents of any Attorney's Eyes Only Material contrary to the terms hereof.

9. Nothing herein shall impose any restrictions on the use or disclosure of information that is: (a) independently developed without use of or reliance upon Confidential Material or Attorneys' Eyes Only Material produced by another party; (b) was, prior to disclosure, rightfully in the possession or knowledge of the receiving party; (c) is publicly available; (d) was, is or becomes public knowledge, not in violation of this Order; or (e) was produced by the party seeking to use or disclose it.

10. Pursuant to this Order, whenever a party intends to file Confidential Material or other such material with the Court that the party desires be filed under seal, such party shall first file a motion for leave to file such materials under seal. The party filing such motion shall first confer with all other parties as to their consent or opposition, and the motion shall certify that the conferral occurred and state whether each party consents or opposes the motion. All motions to seal any document or proceeding must be filed at least five (5) business days in advance of the filing deadline that pertains to the filing or proceeding sought to be sealed. Such motions must set forth the specific factual and legal basis and necessity for sealing, with particularity as to each item to be sealed, in accordance with prevailing law. Absent exceptional circumstances, any proposed Order must include this language: "This Order may be vacated and sealing lifted for cause shown upon the motion of any party or other person with a recognized interest, or after

5

due notice by the Court upon the Court's own motion."

11. If the receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify the designating party of the unauthorized disclosure in writing, and state the nature of the privilege or protection, the basis for asserting it, and the reason the production is claimed to be inadvertent, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material, (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Order, and (d) request that such persons or persons execute the nondisclosure agreement in the form of Attachment A.

12. The inadvertent or unintentional disclosure of Confidential Material by the producing party shall not be deemed as a waiver, in whole or in part, of the producing party's claim of confidentiality, either as to the specified information disclosed or as to any other information relating thereto. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

13. The inadvertent failure to designate information or documents as Confidential, if timely corrected, does not by itself waive the designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the Classified Information is treated in accordance with the provisions of this Order.

14. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is Confidential or whether its use should be restricted, or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as

specified herein. Material designated as Confidential shall be treated by the parties as Confidential and subject to this Order until such time as any dispute regarding its status or the permitted use of it is resolved by the Court. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action and non-parties producing discovery without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16. Nothing herein shall prevent any of the parties or any non-party from objecting to discovery that they believe to be otherwise improper or shall be construed to affect in any manner the admissibility at the hearing of any document, testimony or other evidence. Nothing herein shall restrict the use of any evidence at the trial of this Action, whether or not it contains material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Nothing herein shall be construed as a waiver of any privilege or protection, or an admission by any party that any document, testimony, or other evidence is discoverable, relevant, or admissible at trial.

17. This Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO ORDERED.

DATED: August \_\_\_, 2022

_____
W. SCOTT HARDY
United States District Court Judge

Attachment A

**<u>Nondisclosure Agreement</u>**

I, _____ , do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in *High Off Life LLC v. Freebandz Productions, LLC, et al.*, United States District Court for the Western District of Pennsylvania, Civil Action No. 2:20-cv-1556-WSH, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED:                                                       _____
                                                                        [Name of Signatory Typed]